# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Martha Ruth Clark,

        Plaintiff,

v.

Social Security Administration, and
Michael J. Astrue,

        Defendants.

Civ. No. 09-496 (JNE/JJK)

**AMENDED REPORT AND
RECOMMENDATION**

---

Martha Ruth Clark, 3300 1st Avenue South #1, Minneapolis, MN, 55408, *pro se.*

Lonnie F. Bryan, Esq., Assistant United States Attorney, counsel for Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 8). This matter has been referred to the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, this Court recommends that Defendants' motion be denied and a briefing-schedule order be issued.

## BACKGROUND

Plaintiff, Martha Ruth Clark, applied for supplemental-security-income benefits on October 18, 2004, alleging a disability onset date of June 2, 2002. (Doc. No. 10, Tr. 96-99.) This application was denied initially on March 29, 2005. (Tr. 76-78.) It does not appear that Plaintiff took any further action with respect to this application.

Plaintiff again applied for supplemental-security-income benefits on

February 13, 2006, alleging a disability onset date of June 2, 2002. (Tr. 89-95.)

The application was denied initially on August 22, 2006. (Tr. 73-75.) On January

23, 2007, Plaintiff untimely requested a hearing before an Administrative Law

Judge ("ALJ") (Tr. 65), and that request was later granted after good cause was

found for the untimely filing. (Tr. 66.) The ALJ held hearings on March 12, 2008

(Tr. 433-39), on May 2, 2008 (Tr. 440-65), and on September 2, 2008. (Tr. 466-

92.) The ALJ thereafter issued a decision fully favorable for Plaintiff on

September 5, 2008. (Tr. 10-16.)

In the ALJ's September 5, 2008 decision, the ALJ found that Plaintiff last

engaged in substantial gainful activity on February 13, 2006, that she had severe

impairments of schizoaffective disorder with mood instability and psychotic

symptoms, and that she met the criteria for the Listing of Impairments 12.03 at 20

C.F.R. Part 404, Subpart P., Appendix 1. (Tr. 15.) The ALJ noted that Plaintiff

alleged a disability onset date of June 2, 2002 (Tr. 13), but found that Plaintiff has

been under a disability from February 13, 2006, the date of the application,

through the date of the September 5, 2008 decision. (Tr. 13, 16.) Specifically,

the ALJ explained that

> [a]lthough [Plaintiff] has alleged an earlier disability onset date of
> June 2, 2002, supplemental security income does not become
> payable until the month after the month in which the application is
> filed, assuming all eligibility requirements are met (20 CFR 416.335).
> Thus, the established date will not reduce the amount of benefits the
> claimant may be eligible to receive and this decision is, therefore,
> fully favorable to the claimant.

(Tr. 13.)

The ALJ's Notice of Decision informed Plaintiff that if she believed the decision was not fully favorable, or if she disagreed with it for any reason, she could file an appeal with the Appeals Council. (Tr. 10.) On September 8, 2008, Plaintiff filed a Request for Review of Hearing Decision/Order asserting that she did not agree with the ALJ's determination of the date of her disability's onset. (Tr. 8.) She stated that she was disabled in 2004 and wanted to have her "prior application reopened." (Tr. 8.) On January 23, 2009, the Appeals Council issued a Notice of Appeals Council Action informing Plaintiff that her request for review had been denied. (Tr. 4.) As a result, the ALJ's decision became the final decision of the Commissioner of Social Security in Plaintiff's administrative case. *See* 20 C.F.R. §§ 404.981, 416.1481.

On March 3, 2009, Plaintiff filed this action. (Doc. No. 1.) Her handwritten Complaint explains that she is requesting a new hearing based on "new and material evidence" and asserts that the ALJ's decision is contrary to the evidence in the record. (*Id.*) Plaintiff again asserts that she became disabled in 2002. (*Id.*) Along with the Complaint, Plaintiff submitted several medical records and identified portions of the ALJ's decision with which she disagreed. (*Id.* Attach. 1 at 1-12 (medical records); Attach. 1 at 13 (circling the ALJ's indication that "The claimant is alleging disability since June 2, 2002" and circling the excerpt quoted *supra* at p. 2).)

## DISCUSSION

On July 6, 2009, Defendants filed a motion to dismiss (Doc. No. 8), arguing that this case should be dismissed for lack of jurisdiction. (*See* Doc. No. 9, Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") 3-5.) Specifically, Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's Complaint because she either: (1) seeks to reopen the supplemental-security-income application she filed in October 2004; or (2) she seeks review of the Appeals Council's denial of her request for review of her February 2006 application. Neither of those decisions, Defendants argue, is a "final decision" subject to judicial review.

Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), is the exclusive source of federal court jurisdiction over decisions of the Commissioner of Social Security on disability claims. *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995). Section 405(g) provides for judicial review as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "It is well-settled that the Secretary's refusal to reopen an administratively final decision under 20 C.F.R. § 404.988 is not a 'final decision . . . made after a hearing' subject to judicial review under § 405(g)." *Id.* (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977)); *Olson v. Astrue*, Civ. No. 07-

4

3762 (ADM/FLN), 2009 WL 981665 (D. Minn. Apr. 13, 2009). Similarly, the Social Security Administration Appeals Council's decision to deny review of an ALJ's decision is not a "final decision . . . made after a hearing" subject to judicial review under § 405(g). *See Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

This Court agrees with Defendants that to the extent Plaintiff's Complaint raises a challenge to either the refusal to reopen her October 2004 application or the refusal by the Appeals Council to review the ALJ's decision on her February 2006 application, this Court lacks jurisdiction. And were it obvious from Plaintiff's Complaint that these were the only decisions she believes were wrongfully reached, this Court would be required to recommend dismissal of this action for want of jurisdiction. However, this Court recommends that Defendants' motion to dismiss be denied because Plaintiff's Complaint should not be limited to Defendants' proposed reading. *See Kasden v. DeRungs*, Civil No. 05-1448 (RHK/RLE), 2006 WL 1662904, at *3 (D. Minn. Jun. 13, 2006) ("Since the Plaintiff is proceeding *pro se*, we are compelled to construe [the] Complaint liberally.").

Construing Plaintiff's *pro se* Complaint liberally, it appears that she disagrees with the ALJ's determination that despite alleging onset of her disability as early as June 2, 2002, supplemental-security-income benefits do not become payable until the month after the month in which the application is filed. (Doc. No. 1, Attach. 1 at 13 (circling the ALJ's indication that "The claimant is alleging

disability since June 2, 2002" and circling the excerpt quoted *supra* at p. 2).)  In

this portion of the Complaint, it is apparent that Plaintiff challenges something

other than the Appeals Council's denial of her request for review of the ALJ's

decision on her February 2006 application or the refusal to reopen her October

2004 application.  Here, Plaintiff is challenging a decision, made by the ALJ after

a hearing, that became the "final decision" of the Commissioner of Social

Security when her request for review was denied.  This Court has jurisdiction to

hear such a challenge pursuant to section 405(g).

In their reply memorandum, Defendants assert that Plaintiff "claims an

earlier onset date of June 2, 2002[, but] [a]t the earliest and as a matter of law . .

. such a claim becomes payable the month after the month in which the

application is filed."  (Doc. No. 14, Defs.' Reply 1.)  Thus, Defendants appear to

argue that the timing of payment availability for supplemental-security-income

benefits, as provided by 20 C.F.R. § 416.335, is a jurisdictional issue.

Defendants offer no support for this assertion.  Even if Defendants are correct

that this regulation is ultimately fatal to Plaintiff's claim, whether the ALJ correctly

decided when supplemental-security-income benefits become payable in this

case concerns the merits of Plaintiff's Complaint, not this Court's power to hear

the case.  Defendants have filed no motion challenging the merits, and such an

issue is not presently before this Court.  For these reasons, this Court

recommends that Defendants' motion to dismiss be denied.

If the District Court adopts this Report and Recommendation, this Court further recommends that the District Court adopt the following briefing schedule for this case pursuant to D. Minn. Loc. R. 7.2. Within 20 days of the date this Report and Recommendation is adopted by the District Court, Defendants shall file and serve an answer in this matter.[1] Within 60 days of the filing and service of the answer, Plaintiff shall file and serve on Defendants a motion for summary judgment and a memorandum of law in support. Within 45 days from the date of service of Plaintiff's motion, Defendants shall file and serve on Plaintiff a motion for summary judgment and a memorandum of law in support. Plaintiff may submit a reply memorandum, which shall be filed and served within 10 days from date of service of Defendants' motion.

Plaintiff is further advised that the Minnesota Chapter of the Federal Bar Association (FBA) operates a program of volunteer lawyers who donate their time to assist unrepresented individuals. The FBA program is called the "FBA Pro Se Project." Plaintiff may be able to obtain a lawyer at no cost through this program.

If Plaintiff would like to have her case reviewed by a volunteer lawyer through the FBA Pro Se Project, she must contact the program coordinator within 10 days from the date of this Report and Recommendation. The FBA Pro Se Coordinator may then put her in contact with a lawyer who may assist her.

---

[1] Defendants have already filed a certified copy of the transcript of the record. (Doc. No. 10.)

Plaintiff should be aware that the volunteer lawyer may agree to represent her, but there is no requirement that he or she agree to do so or that any lawyer be appointed to assist her.

The contact information for the FBA *Pro Se* Coordinator appears below. Plaintiff should contact the coordinator within 15 days from the date of this Report and Recommendation if she would like to participate in the program.

Dan Gustafson
FBA *Pro Se* Coordinator
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
dgustafson@gustafsongluek.com
(612) 333-8844

**RECOMMENDATION**

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Doc. No. 8), be **DENIED**; and

2. The following briefing schedule be ordered:

a. Within 20 days of the date this Report and Recommendation is adopted by the District Court, Defendants shall file and serve an answer;

b. Within 60 days of the filing and service of the answer, Plaintiff shall file and serve on Defendants a motion for summary judgment and a memorandum of law in support.

c. Within 45 days from the date of service of Plaintiff's motion,

Defendants shall file and serve on Plaintiff a motion for summary judgment

and a memorandum of law in support.

d. Plaintiff may submit a reply memorandum, which shall be filed

and served within 10 days from date of service of Defendants' motion.


Date: October 23, 2009

                                    *s/ Jeffrey J. Keyes*
                                    JEFFREY J. KEYES
                                    United States Magistrate Judge


Under Dist. Minn. Loc. R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 6, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.