UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Martha Ruth Clark,

        Plaintiff,

v.                                                Civil No. 09-496 (JNE/JJK)
                                                   ORDER

Social Security Administration and
Michael J. Astrue,

        Defendants.

This case is before the Court on an Amended Report and Recommendation (R&R) issued on October 23, 2009. The magistrate judge recommended that Defendants' Motion to Dismiss for lack of subject matter jurisdiction be denied and that a briefing schedule be ordered. Defendants timely objected to the R&R. After a de novo review, and for the reasons stated below, the Court sustains Defendants' objection. *See* 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b).

Because Defendants do not object to the R&R's statement of the facts, the Court adopts those facts. Furthermore, the Court adopts the R&R's conclusion that "to the extent Plaintiff's Complaint raises a challenge to either the refusal to reopen her October 2004 application or the refusal by the Appeals Council to review the [Administrative Law Judge's] (ALJ) decision on her February 2006 application, this Court lacks jurisdiction." *See Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995); *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). The magistrate judge also construed Plaintiff's complaint to challenge a legal determination by the ALJ. Defendants object to that portion of the R&R.

Plaintiff is pro se, and a court liberally construes pro se pleadings. *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Broad and conclusory pleadings, however, will not be saved by "the principle of liberal construction." *Id.*

Plaintiff's Complaint states that "I am writing to request that I be given another hearing. The reason that I . . . feel that I need to have another hearing [is] that I have new and material evidence and the [ALJ's] decision is contrary to the [weight] of all the evidence now in the record." The materials attached to Plaintiff's Complaint include, among other things, the Appeals Council's January 23, 2009, notice of its denial of her request for review of the ALJ's decision and a copy of the ALJ's September 5, 2008, decision finding that Plaintiff had been disabled since the date of her application for supplemental security income on February 13, 2006. The copy of the ALJ's decision submitted by Plaintiff has the following language circled:

> The claimant is alleging disability since June 2, 2002.
>
> . . . .
>
> Although the claimant has alleged an earlier disability onset date of June 2, 2002, supplemental security income does not become payable until the month after the month in which the application is filed, assuming all eligibility requirements are met (20 CFR 416.335). Thus, the established onset date will not reduce the amount of benefits the claimant may be eligible to receive and this decision is, therefore, fully favorable to the claimant.

The R&R states that by circling this language, "it appears that [Plaintiff] disagrees with the ALJ's determination that despite alleging onset of her disability as early as June 2, 2002, supplemental-security-income benefits do not become payable until the month after the month in which the application is filed." The Court, however, determines that the principle of liberal construction does not extend so far. Therefore, dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction is warranted. Moreover, granting Plaintiff leave to amend the Complaint to challenge the ALJ's conclusion would be futile in light of the relevant regulation,

2

which provides: "If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month." 20 C.F.R. § 416.335 (2009).

Based on these records, IT IS ORDERED THAT:

1. Defendants' objection [Docket No. 17] to the magistrate judge's Amended Report and Recommendation [Docket No. 16] is SUSTAINED.

2. Defendants' Motion to Dismiss [Docket No. 8] is GRANTED.

3. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 23, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
